Madeleine M. Landrieu, Judge
| defendants, Archer Western Construction, LLC, and Arch Insurance Company (hereinafter collectively referred to as “Archer Western”), appeal the trial court’s granting of summary judgment in favor of defendants Eileen Maldonado and Imperial Fire and Casualty Insurance Company (“Imperial”). This case arises from an accident in which Ms. Maldonado drove her vehicle into an excavated portion of a street that was the site of a construction project operated by Archer Western. Imperial is Ms. Maldonado’s automobile insurer, and plaintiffs, Dana R. Williams and Derrick E. Sykes, were passengers in Ms. Maldonado’s vehicle. For the reasons that follow, we reverse the granting of sum *327 mary judgment and remand this matter for further proceedings.
On November 14, 2013, plaintiffs filed a petition for damages against Ms. Maldonado, Imperial and Archer Western, alleging injuries resulting from a single-vehicle accident in downtown New Orleans on the evening of December 6, 2012 at approximately 10:30 p.m. At the time of the accident, Ms. Maldonado was on her way to Harrah’s Casino with her daughter, Ms. Williams, and her friend, Mr. Sykes. Ms. Maldonado and Ms. Williams were both in college at the time and were celebrating their last day of final examinations for the semester.
l2According to the petition, as Ms. Maldonado drove through the intersection of Elks Place and Cleveland Avenue, the passenger side of the vehicle fell into an excavated portion of the street. This area was the site of a construction project, in which Archer Western was excavating large portions of Elks Place in conjunction with a Regional Transit Authority (“RTA”) project on the streetcar line. Archer Western contends that the road was supposed to be closed to the public at all times during this construction project, while Ms. Maldonado and her two passengers maintain there were no signs or barricades blocking the intersection. Because the work day at the construction site typically ended between 5:30 p.m. and 6:00 p.m., no workers were present at the time of the accident. There were also no other witnesses to the accident.
In their original petition, the plaintiffs claimed the accident was caused solely by the negligence of Archer Western, though Ms. Maldonado and Imperial were also named as defendants. The plaintiffs later amended the petition alleging the accident was caused by the negligence of Archer Western and/or Ms. Maldonado. Mr. Sykes subsequently settled with Archer Western, and his claims against Archer Western were dismissed with prejudice.
Ms. Maldonado and Imperial filed a motion for summary judgment asking that the plaintiffs’ claims against them be dismissed on the ground that there is no genuine issue of material fact that Ms. Maldonado was without fault in the accident. The trial court granted the motion for summary judgment, and dismissed the plaintiffs’ claims against Ms. Maldonado and Imperial. The judgment stated that the provisions of La. C.C.P. art. 966(G) apply to the judgment, prohibiting the consideration of Ms. Maldonado or Imperial in any subsequent allocation of fault. The trial court certified the judgment as final and immediately appealable.
| ¡Archer Western filed a motion for new trial, which was denied. Archer Western now appeals the trial court’s granting of the motion for summary judgment and the denial of the motion for new trial.
On appeal, Archer Western argues that the trial court erred in granting summary judgment and dismissing Ms. Maldonado and Imperial from this lawsuit. Archer Western argues that it produced evidence showing that there is a genuine issue of material fact as to whether Ms. Maldonado was negligent in the operation of her vehicle and shared at least some of the fault for this accident. To the contrary, Ms. Maldonado and Imperial argue that the evidence shows there is no genuine issue of fact that Ms. Maldonado was without fault in the accident.
Archer Western also argués that the trial court abused its discretion in denying its motion for new trial, arguing that the trial court’s judgment is contrary to the law and evidence, and that the trial court impermissibly weighed evidence and credibility, thereby depriving Archer Western of its right to a trial. Archer Western also *328 argues that a new trial should have been granted because of certain evidence attached to the motion for new trial that was not presented at the summary judgment proceeding.
“A trial court’s disposition of a motion for summary judgment is reviewed using the de novo standard of review ‘under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate.’” Citron v. Gentilly Carnival Club, Inc., 2014-1096, p. 12 (La.App. 4 Cir. 4/15/15), 165 So.3d 304, 313 (quoting D’Angelo v. Guarino, 2010-1555, p. 3 (La.App. 4 Cir. 3/9/12), 88 So.3d 683, 686). The reviewing court must therefore resolve two issues: (i) whether there is any genuine issue of material fact; and (ii) whether the mover is entitled to judgment as a matter of law. Id.; La. C.C.P. art. 966 A (3).
I ¿Where, as here, the party moving for summary judgment will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover is not required to negate all essential elements of the adverse party’s claim, but only to point out the absence of factual support for one or more elements essential to that claim. La. C.C.P. art. 966 C (2). Thereafter, to defeat summary judgment, the adverse part must “produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial...” Id.[1]
In support of their motion for summary judgment, Ms. Maldonado and Imperial attached the petition, amended petition, correspondence between counsel for the plaintiffs and Ms. Maldonado and Imperial and excerpts from the depositions of the plaintiffs. Ms. Maldonado and Imperial contend that the deposition testimony of the plaintiffs unequivocally proves that Ms. Maldonado was free from fault in the accident.
Ms. Williams testified in her deposition that she did not see the excavation in the street until after the accident. She said the area was not well lit and that her mother, Ms. Maldonado, did nothing-to cause the accident. She said her mother was not speeding or driving recklessly.
Mr. Sykes testified in his deposition that the intersection where the accident occurred was “pretty dark.” He said Ms. Maldonado was driving very slowly, or as he phrased it, “stop and go.” He said there were construction signs on the ground across the street from where the accident occurred. He did not see the ^excavation in the street prior to the accident, and his opinion is that Ms. Maldonado could not have avoided the accident.
In its opposition to the motion for summary judgment, Archer Western attached excerpts of the depositions of its corporate representative, Adam Keckler, along with excerpts of the depositions of Ms. Maldonado and Mr. Sykes. Archer Western also attached traffic notes for the construction project and photographs of the construction site. The photographs show that the area under extensive construction included portions of the intersection where the accident occurred.
In his deposition, Mr. Keckler testified that work ended on the streetcar job site each day between 5:30 p.m. and 6:00 p.m. He stated that Archer Western’s employee, Jeff Harroun, told him he was almost certain the barricades were in place around the construction site when work ended on the day of the accident. There were no other incidents at this construc *329 tion site involving vehicles, either on the day of the accident or any other day.
In her deposition, Ms. Maldonado testified that she could not recall whether she took allergy or cold medication on the day of the accident. She said she and her daughter were in college, and both had their last final examinations of the semester on the day of the accident. They ate dinner at home and then left to go to Harrah’s Casino. She said she stopped at the intersection of Cleveland Avenue and Elks Place, and then drove 10 to 20 feet before the passenger side of her vehicle went into the excavation in the street. Ms. Maldonado said she saw construction equipment nearby, including barricades, but there were no barricades around the excavation in the street. She also said she did not see any signs that warned of construction in the area. She said she thought the accident occurred around 9:30 p.m. or 10:30 p.m.
|fiIn the excerpt of Mr. Sykes’ deposition attached to Archer Western’s opposition, he stated that he did not recall if Ms. Maldonado stopped at the stop sign at the intersection. He said when they reached the intersection, they were “stopping and looking and stopping and looking, and we were like trying to decide what street we were going to take.”
The plaintiffs also opposed the motion for summary judgment, and attached to their opposition Ms. Maldonado and Imperial’s memorandum in support of their motion for summary judgment, memorandum in support of their exception of no cause of action, memorandum in opposition to Archer Western’s exceptions of prematurity and no cause of action, and memorandum in opposition to plaintiffs’ motion for leave to amend petition. Plaintiffs also attached Archer Western’s answers to interrogatories and opposition to the motion for summary judgment, and the trial court’s judgments on exceptions filed by Archer Western and Ms. Maldonado and Imperial. They also attached correspondence between counsel for the plaintiffs and Ms. Maldonado and Imperial and the deposition of Archer Western’s employee, Jeff Harroun. .
In Mr. Harroun’s deposition, he stated that he was the dirt foreman and traffic control supervisor on the RTA streetcar construction project. He stated that the project involved excavation work. Mr, Har-roun testified that another Archer Western employee informed him of the accident the next day, and the other employee told Mr. Harroun that he put barricades around the excavation site at the end of the work day on the day of the accident. Mr. Harroun said when another Archer Western employee took photographs following the accident, the barricades had been moved to a nearby sidewalk. Mr. Harroun admitted he did not have personal knowledge that the barricades were in place on the night of the accident [7or if the traffic signals were in operation at the intersection. He said work at the construction site usually ended between 5:30 p.m. and 6:00 p.m.
“A motorist’s duty of care includes the duty to keep his vehicle under control and to maintain a proper lookout for hazards.” Clarkston v. Louisiana Farm Bureau Cas. Ins. Co., 2007-0158, p. 32 (La.App. 4 Cir. 7/2/08), 989 So.2d 164, 187. A motorist must use such diligence and care in the operation of his vehicle as is commensurate with the circumstances. Id., citing Edwards v. Horstman, 96-1403 (La. 2/25/97), 687 So.2d 1007, 1011.
The evidence shows that the lighting at the intersection was poor, and motorists entering the intersection had indications that there was extensive construction activity in the immediate area. Ms. Maldonado saw construction equipment, including barricades, near the intersection where the accident occurred. *330 She and the two occupants of her vehicle stated that the barricades were not around the excavation but were instead on the ground nearby. Mr. Harroun, a foreman on the construction project, was told by another Archer Western employee that barricades were placed around the excavation site at the end of the work day on the day of the • accident. There were no other vehicular accidents at this construction site in downtown New Orleans on the evening of .the accident.
“A trial court cannot make credibility determinations on a motion for summary judgment.” Hutchinson v. Knights of Columbus, Council No. 5747, 2003-1533, p. 8 (La. 2/20/04), 866 So.2d 228, 234. In granting summary judgment in favor of Ms. Maldonado and Imperial, the trial court apparently made a credibility determination and accepted as true the version of events offered by the occupants of the Maldonado vehicle, which included the driver of the vehicle, her daughter and her friend. The trial court erred in doing so. Because we conclude |8that questions of material fact exist as to whether Ms. Maldonado breached the duty of care required of her as a motorist in these particular circumstances and as to whether she was at least minimally negligent in this accident, we find the trial court erred iñ granting summary judgment in favor of Ms. Maldonado and Imperial.[2]
For these reasons, we reverse the trial court judgment granting summary judgment in favor of Ms. Maldonado and Imperial, and remand this matter for further proceedings.
REVERSED AND REMANDED

. This language is from La. C.C.P. art. 966 as it existed at the time the motion for summary judgment in this matter was filed and heard, prior to the article's amendment that became effective on January 1, 2016.

. Several items of evidence discussed extensively by the parties in this appeal were only attached to the motion for new trial, and were not submitted in connection with the motion for summary judgment. Among these items was evidence regarding a 911 call that Ms. Maldonado made from her home after the accident and a deposition excerpt from an Archer Western employee regarding the operational status of the traffic lights at the intersection, "Until a new trial is granted, [new evidence] attached to plaintiff-appellant's,motion for a new trial [is] not before this court and form[s] no part of the record on appeal." Orleans Parish School Bd. v. Lexington Ins. Co., 2012-1686, p. 17 (La.App. 4 Cir. 6/5/13), 118 So.3d 1203, 1216, n. 11, citing Blount v. Exxon Corp., 395 So.2d 355, 358 (La.App. 1st Cir. 1981). Accordingly, we cannot consider this evidence in our review of the judgment granting summary judgment in favor of Ms. Maldonado and Imperial, Furthermore, because Archer Western did not show it could not have discovered this evidence before or during the summary judgment proceeding, this evidence was properly not considered by the trial court as a basis for granting a new trial. La. C.C.P, art. 1972; Jouve v. State Farm Fire and Casualty Co., 2010-1522, pp. 15-16 (La.App. 4 Cir. 8/17/11), 74 So.3d 220, 229-30.