JAMES F. MCKAY III CHIEF JUDGE
Lin this personal injury ease, plaintiff, Timothy Daniel, (“Mr. Daniel”), seeks review of the trial court’s judgment, granting a motion for summary judgment in favor of defendant, Khan Properties, Inc. d/b/a Clarion Inn & Suites (“Hotel”).[1] For the reasons that follow, we affirm the judgment of the trial court.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
In September 2012, Mr. Daniel was a guest at the Hotel, located at 1300 Canal Street in New Orleans. Mr. Daniel filed a petition for damages alleging that while exiting the Hotel, he walked into unmarked automatic glass sliding doors that failed to open properly. As a result, Mr. Daniel alleges to have suffered a broken nose.
The Hotel filed a motion for summary judgment asserting that it had no notice of any defective condition with the doors pri- or to Mr. Daniel’s .incident. Mr. Daniel opposed the motion, maintaining that an unidentified man who witnessed the accident told him that the problem with the doors happened two or three times before. Thus, Mr. Daniel argued that there were genuine issues of material fact as |ato whether the Hotel had knowledge of the alleged defect.
The matter was brought before the trial court on November 20, 2015. Judgment was rendered December 2, 2015 granting summary judgment in favor of the Hotel (particularly, “Kahn Properties, Inc. d/b/a Clarion Inn & Suites”) and dismissing Mr. Daniel’s action with prejudice. Mr. Daniel’s motion for new trial was heard by the trial court on March 16, 2016. After failing to produce any new evidence in opposition to the motion for summary judgment, the motion for new trial was denied.
On appeal, Mr. Daniel asserts the following assignments of error:
1, The summary judgment rules are unconstitutional if the impact of their application is to deny a plain *40 tiffs fair access to the litigation and trial process;
2. The trial court erred in finding no genuine issue of material fact as to whether the Hotel had actual or constructive notice of a defect;
3. The trial court erred in granting summary judgment despite a reasonable probability that the high volume of usage of the elevator [sic] since its last inspection and repair would manifest in malfunctioning; and
4. The trial court erred in finding that the Hotel’s arguments and evidence were sufficient to determine that the Hotel has no liability to Mr. Daniel.
We note that assignments of error numbers one and three were not briefed by Mr. Daniel; thus, they are deemed abandoned under Uniform Rules—Courts of Appeal, Rule 2-12.4. See Countrywide Home Loans Servicing, LP v. Thomas, 12-1304, p. 3 (La.App. 4 Cir. 3/20/13), 113 So.3d 355, 357. Furthermore, because the arguments presented in assignments of error numbers two and four are intertwined, we will address them together below.
STANDARD OF REVIEW
“A trial court’s disposition of a motion for summary judgment is reviewed using the de novo standard of review ‘under the same criteria governing the trial |acourt’s consideration of whether summary judgment is appropriate.’” Williams v. Archer Western Construction, LLC, 16-0158, p. 3 (La.App. 4 Cir. 10/5/16), 203 So.3d 325, 328 (quoting Citron v. Gentilly Carnival Club, Inc., 14-1096, p. 12 (La.App. 4 Cir. 4/15/15), 165 So.3d 304, 313). The summary judgment procedure is favored and “is designed to secure the just, speedy, and inexpensive determination of every action except those disallowed by Article 969.” La. C.C.P. art. 966(A)(2).
A motion for summary judgment is properly granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2) and (C)(1).[2] Pursuant to La. C.C.P. art. 966(C)(2), prior to the 2016 amendments:
The burden of proof on a motion for summary judgment is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment.
It is well established that a fact becomes “material” when “its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Smith v. Our Lady of the Lake Hosp. Inc, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. A “material fact” is one that could “potentially insure Lor preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Id. If doubts arise regarding the *41 existence of a material issue of fact, the court must refuse the motion and instead, proceed with a trial on the merits. Id.
LAW AND ANALYSIS
The accident from which this lawsuit arises stems from an alleged defect in the Hotel’s automatic glass sliding doors. La. C.C. arts. 2317, 2317.1, and 2322 set forth the legal basis for liability in this case. La. C.C. art. 2317 provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
La. C.C. art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
La. C.C. art. 2322 further provides:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
[filt is well established that a plaintiff alleging negligence or strict liability of a building owner or custodian must prove three elements: (1) the defendant either owned or had care, custody, or control of the thing in question; (2) the thing was a cause-in-fact of the plaintiffs injuries; and (3) the thing presented an unreasonable risk of harm. Gallina v. Hero Lands Co., 03-0331, pp. 4-5 (La.App. 4 Cir. 10/7/03), 859 So.2d 758, 762 (citing Baker v. Murphy Oil USA Inc., 01-1299, p. 5 (La.App. 4 Cir. 4/10/02), 816 So.2d 329, 332). In addition, the plaintiff must prove: (1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that the defendant failed to exercise such reasonable care. Wells v. St. Augustine High School, Inc., 14-0234, p. 7 (La.App. 4 Cir. 9/3/14), 150 So.3d 1, 5 (citing Gailey v. Barnett, 12-0830, p. 5 (La.App. 4 Cir. 12/5/12), 106 So.3d 625, 628).
With regard to the element of knowledge, a plaintiff must prove that the defendant had actual or constructive knowledge of the vice or defect. Constructive knowledge “imposes a reasonable duty to discover apparent defects in things under the defendant’s garde.” Tsegaye v. City of New Orleans, 15-0676, p. 20 (La. App. 4 Cir. 12/18/15), 183 So.3d 705, 718, unit denied, 16-0119 (La. 3/4/16), 188 So.3d 1064 (citing Ladner v. Trinity Group, Ltd., 45,937, p. 9 (La.App. 2 Cir. 2/16/11), 57 So.3d 1197, 1202). A court may find constructive knowledge “if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from *42 injury.” Id. (citing Boutin v. Roman Catholic Church of Diocese of Baton Rouge, 14-313, p. 6 (La.App. 5 Cir. 10/29/14), 164 So.3d 243, 246-47.
| (jin the present case, the trial court granted summary judgment in favor of the Hotel finding that Mr. Daniel had nothing to show knowledge of a defect on the part of the Hotel. Mr. Daniel submits that the trial court erred in: 1) finding no genuine issue of material fact as to whether the Hotel had actual or constructive notice of a defect; and 2) finding that the evidence was sufficient to show that the Hotel had no liability to Mr. Daniel. Based on our de novo review of the record, and for the reasons set forth below, we find no merit in Mr. Daniel’s assignments of error.
In support of their motion for summary judgment, the Hotel introduced the following evidence, to which Mr. Daniel voiced no objection:
1) The petition for damages;
2) Excerpts from Mr. Daniel’s deposition, dated October 11, 2013;
3) Two surveillance videos of the incident (verified by affidavit);
4) Affidavit of A. Raoof Khan;
5) Affidavit of Fernando Perez;
6) Affidavit of Antonio Wilkins;
7) Affidavit of Osman Khan; and
8) Photographs from the surveillance videos.
The folio-wing excerpts are taken from Mr. Daniel’s deposition:
Q. You are just saying that when you walked into the door, the doors didn’t open timely?
A. Right, well, timely is being gracious. They didn’t open at all from what I have seen, because I would have at least seen them kind of moving, but I didn’t see anything and I walked directly into the door. And the guy who came to my aid, the guy who was holding the front door, and again I didn’t get his name, but he said that’s like the second or third time that’s happened with the doors
[[Image here]]
Q. How many days were you at the hotel before your accident happened?
A. I would say two days, and again, I’m not certain of that. Thursday, Friday, probably two days.
|7Q. How many times did you go in and out of those doors before your accident? A. I would say on a given day possibly four times a day.
Q. So when you had your accident you obviously had gone through those doors before?
A. Yes, sir.
Q. Four times, eight times?
A. Probably at least three times, three or four times a day.
The Hotel’s surveillance video of the incident is very telling. The video shows that prior to Mr. Daniel’s incident, the doors opened automatically a number of times for other guests, without incident. Also, in direct contrast to Mr. Daniel’s deposition testimony (that the doors did not open at all), the video clearly shows the doors sliding open as Mr. Daniel approached. It further shows Mr. Daniel walking directly into the doors before they had an opportunity to open completely. There is no evidence on the video that the doors failed to open properly.
A. Raoof Kahn, the owner of the Hotel, attested in his affidavit that the doors in question were installed in 2001. Since then, the doors operated problem free except for a short period of time when the Hotel was shut down after Hurricane Katrina in 2005. After the hurricane, the doors were inspected and put back in service. Other than that, no major repairs had ever been needed or performed. He further stated *43 that he had no personal knowledge of any reported problems prior to Mr. Daniel’s incident.
Fernando Perez, the Hotel’s front desk clerk, stated in his affidavit that on the night in question, he saw approximately fifty to one hundred guests use the sliding doors without incident. He further stated that in his nine years at the Hotel, he was aware of no reported problems with the doors.
| RAntonio Wilkins, General Manager of the Hotel, stated that in the seven years employed at the Hotel, there were no other complaints or accidents with regard to the. doors in question. Similarly, Osman Kahn, a manager at the Hotel, stated in his affidavit that in his sixteen years of employment, there were no other complaints or accidents involving the doors.
Mr. Daniel presented nothing to dispute the Hotel’s affidavits. In opposition to the motion for summary judgment, Mr. Daniel relied on his deposition testimony. As previously explained, Mr. Daniel’s deposition testimony described an unidentified hotel employee, standing just outside of the sliding doors, who exclaimed that it was the second or third time that the doors failed to open properly. Mr. Daniel maintains that this assertion is sufficient to show a genuine issue of material fact as to the Hotel’s prior knowledge of a defect.
We note from our review of the record (and also noted by the trial court) that at the time of the hearing on the motion for summary judgment, this case was pending for nearly 3 years, with virtually no discovery conducted to identify the man who allegedly made the statement regarding prior problems with the doors. In fact, when questioned as to the lack of discovery, Mr. Daniel’s attorney freely acknowledged that there had not been much discovery because he thought the case would be resolved through settlement negotiations.
As this Court stated in Rivarde v. City of New Orleans, 15-0655, p. 5 (La. App. 4 Cir. 3/9/16), 190 So.3d 400, 403, writ denied, 16-0670 (La. 5/27/16), 192 So.3d 744 (citing Newsome v. Homer Memorial Medical Center, 10-0564, p. 3 (La. 4/9/10), 32 So.3d 800, 802), “[a] district court’s decision to hear a motion for summary judgment where discovery is alleged to be incomplete is reviewed under an abuse of discretion standard.” In the present case, Mr. Daniel clearly had ample Ltime to conduct discovery to identify the employee in question. Accordingly, we find no abuse of discretion on the part of the trial court in proceeding with the motion for summary judgment.
Mr. Daniel also alleges in the petition that the Hotel was negligent in failing to have the doors properly marked. Regarding Mr. Daniel’s description of the glass doors, the following excerpt is taken from his deposition:
Q. Can you tell me more about, was it one set of glass doors or two sets of glass doors?
A. It’s two sets of glass doors coming from inside of the hotel. As soon as you are leaving the lobby, the two doors are automatically, again in proximity, they will open up. You go through those doors and then there is another set of doors which the person out front is standing by with regular bars and everything on them and he would open those doors. He would manually open those doors.
Q. But the inside doors were sliding doors?
A. Yeah. The sliding doors were straight glass. Like these windows, there is no type of indicator, no sticker, no trim *44 ming around the doors, just straight glass.
Other than this assertion, there was no evidence presented to show that the doors were “unmarked.” Moreover, it is evident from the record that Mr. Daniel was well aware that the doors were automatic sliding glass doors. According to his deposition testimony, Mr. Daniel was at the Hotel for two days before the incident, and had probably used the doors at least three or four times a day. It is also evident from the surveillance video that for some time prior to the incident, Mr. Daniel was sitting in the lobby in close proximity to the doors, and could clearly observe other individuals going in and out of the automatic doors.
In further opposition to the motion for summary judgment, Mr. Daniel attached two documents, Exhibit B and Exhibit C, to his memorandum. The Hotel timely objected.
hnExhibit B is an article entitled Safety is Key with Automatic Doors, purportedly written by Edward M. Stevens (Consultant for the American Association of Automatic Door Manufactures). The document is not verified or authenticated by an affidavit, or sworn to in anyway. Moreover, the author is not listed as an expert witness.
Exhibit C is an owner’s manual for an unidentified automatic sliding door issued by the American Association of Automatic Door Manufactures. As with Exhibit B, this document is not verified or authenticated.
Regarding unverified and/or unauthenticated documents presented in connection with motions for summary judgments, this Court has stated:
We have repeatedly held that “[i]n meeting the burden of proof, unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and therefore will not be considered.” Williams v. Memorial Medical Center, 03-1806, p. 14 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1053.
“The requirement that documents be verified or authenticated is not merely a mechanical one of form only. It is based on the fundamental fact that such documents are not self-proving.” Schully v. Hughes, 00-2605, p. 5 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1222. To allow unverified and or unauthenticated documents to be considered would result in “all manner of worthless documents [to] magically somehow become admissible by virtue of merely stapling them to a motion for summary judgment.” Id.
Person v. 2434 St. Charles Ave. Condominium Ass’n, 11-1097, pp. 4-5 (La.App. 4 Cir. 3/7/12), 88 So.3d 679, 682.
Here, we note that the Hotel correctly objected to the introduction of Exhibits B and C. Although the trial court did not specifically rule on the Hotel’s objection, it does not appear that the trial court relied on the documents. Moreover, in accordance with the jurisprudence cited herein-above, we cannot consider these documents in our de novo review of the matter before us.
InFinally, Mr. Daniel argued in his opposing memorandum that the Hotel was in direct violation of certain federal regulations, which set forth requirements for signage on electric doors. The record demonstrates that Mr. Daniel did not present evidence to the trial court in support of this allegation, nor is it addressed in his appellate brief. Consequently, the alleged violation of federal regulations is not before us.
After carefully reviewing the evidence presented by the Hotel, we conclude that the motion for summary judgment is amply supported. To overcome summary *45 judgment, Mr. Daniel was required to show evidence that genuine issues of material fact exist as to the Hotel’s actual or constructive knowledge of the allegedly defective door prior to the incident in question. La. C.C.P. art. 967(B) outlines the non-moving party’s burden of production as follows:
When a motion for summary judgment is made and supported ..., an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Here, Mr. Daniel was unable to produce any evidence, other than conclusory allegations, in support of his case. The evidence upon which Mr. Daniel relies (his deposition testimony and the alleged statement made by an unidentified hotel employee) does not establish a genuine issue of material fact as to the Hotel’s constructive knowledge of the allegedly defective door.
CONCLUSION
Our de novo review of the record demonstrates that Mr. Daniel has not established proof sufficient to show he can meet his evidentiary burden at trial. | ^Accordingly, we affirm the trial court’s granting of summary judgment in favor of the Hotel.
AFFIRMED

. The petition for damages named Clarion Inn & Suites, Choice International, Inc., and ABC Insurance as defendants. Kahn Properties, Inc. d/b/a Clarion Inn & Suites answered the petition. Choice International, Inc. was dismissed upon motion of Mr. Daniel.

. This language is from La. C.C.P. art. 966 as it existed at the time the motion for summary judgment in this matter was filed and heard, which was prior to the article’s amendment that became effective on January 1, 2016. See Acts 2015, No. 422, § 1.