| | | |
|---|---|---|
| **PAUL BELKNAP AND KRISTIN ADKINS** | * | **NO. 2022-C-0736** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **ROBERT ANCIRA** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-06106, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Rosemary Ledet)

Galen M. Hair
Jared M. Shearman
Keegan E. Chopin
HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
3540 S. I-10 Service Road W., Suite 300
Metairie, LA 70001

Joseph "Joey" F. LaHatte, III
Jennifer D. Zajac
LAHATTE LAW, LLC
2000 Clearview Parkway, Suite 203
Metairie, LA 70001

     COUNSEL FOR PLAINTIFFS/RELATORS

George G. Angelus
LAW OFFICES OF GEORGE G. ANGELUS, PLC
700 Camp Street
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/RESPONDENT

**WRIT GRANTED; REVERSED IN PART**

**NOVEMBER 17, 2022**

Relators-Plaintiffs, Paul Belknap and Kristin Adkins ("Relators"), seek review of the ruling of the district court granting in part the motion for summary judgment filed by Respondent-Defendant, Robert Ancira ("Respondent"). For the reasons set forth below, we grant the writ and reverse the ruling of the district court granting in part Respondent's motion for summary judgment.

## PROCEDURAL HISTORY

This litigation arises out of the sale of the home located at 3710 Dryades Street (the "Home") by Respondent to Relators on July 17, 2015. On June 23, 2017, Relators filed suit against Respondent, Respondent's contractors, Respondent's contractors' insurers, and Relators' homeowner's insurer. In their Petition for Damages, Relators alleged that after moving into the Home, they noticed the presence of mold growing throughout the Home and the presence of moisture. Relators further alleged that the Home contained numerous construction and design defects and that Respondent "warranted that he had no knowledge of defects to the property." The Petition asserted claims of construction and design

defect, fraud, intentional misrepresentation, and negligent misrepresentation. Relators filed their First Supplemental and Amending Petition for Damages on January 3, 2018, wherein they alleged that the Home "was [not] properly permitted and inspected by the appropriate City officials during [the] renovation," "major subcontractors (plumbing and electrician) had to know that the permitting process was not being followed and had to know that their work would not be inspected," and that as the *de facto* general contractor on the renovation project, Respondent "was responsible for any and all work performed on the home including, in being the seller, representations to the purchasers (the plaintiffs) about the condition of the home and existence of deficiencies."

Respondent filed a motion for summary judgment, wherein he asserted that he performed none of the renovation work on the Home, he had no direct communication with Relators, the Home was sold "as is," and that the act of sale executed by the parties contained a waiver of warranty and of redhibition rights. Included in the documents submitted in support of the motion for summary judgment were Respondent's affidavit and a copy of the act of sale and the residential real estate disclosure form (the "disclosure form").

Relators filed an opposition to the summary judgment, along with evidence in support of their opposition. In their opposition, Relators objected to the supporting documents submitted by Respondent as not being proper summary judgment evidence.

The matter was heard by the district court on September 12, 2022. By judgment signed on September 27, 2022, the district granted summary judgment in favor of Respondent for all causes of action sounding in tort and in contract and denied summary judgment for Relators' intentional fraud allegations. Relators seek

supervisory review of the judgment to the extent it granted summary judgment on all causes of action sounding in tort and in contract.

## DISCUSSION

"A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant." *Griffin*, 21-0098, pp. 4-5 (La. App. 4 Cir. 4/7/21), 2021 WL 1290634, *2 (citing *Garrison v. Old Man River Esplanade, L.L.C.,* 13-0869, p. 2 (La. App. 4 Cir. 12/18/13), 133 So.3d 699, 700; *Samaha v. Rau*, 07-1726, p. 3 (La. 2/26/08), 977 So.2d 880, 882; *Duncan v. U.S.A.A. Ins. Co.*, 06-0363, p. 3 (La. 11/29/06), 950 So.2d 544, 546). "A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Griffin v. Carrington Place*, unpub., 21-0098, p. 5 (La. App. 4 Cir. 4/7/21), 2021 WL 1290634, *2 (citing *Schultz v. Guoth*, 10-0343, pp. 5-6 (La. 1/19/11), 57 So.3d 1002, 1005-06; *Smith v. Treadaway*, 13-0131, pp. 3-4 (La. App. 4 Cir. 11/27/13), 129 So.3d 825, 828).

La. C.C.P. art. 966(A)(3) provides that a motion for summary judgment will be granted "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1) sets forth the burden of proof in summary judgment proceedings, as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of

4

the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).

Relators argue that the act of sale and the disclosure form were not competent summary judgment evidence and therefore the district court erred in considering these documents in ruling on the motion for summary judgment. Relators further argue that absent the act of sale and the disclosure form, Respondent failed to meet his burden to prove that that no genuine issues of material fact remained as to Relators' claims sounding in tort and in contract. We agree.

La. C.C.P. Art. 966(A)(4) provides that "[t]he only documents that may be filed in support of or in opposition to the motion [for summary judgment] are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." It is well established that unverified and/or unauthenticated documents are not competent evidence on motions for summary judgment. *Griffin*, 21-0098, p. 6, 2021 WL 1290634, *3. This Court has repeatedly held that "[i]n meeting the burden of proof, unverified documents, such as letters or reports, annexed to motions for summary judgment

are not self-proving and therefore will not be considered." *Griffin*, 21-0098, p. 7, 2021 WL 1290634, *3 (quoting *Daniel v. Clarion Inn & Suites*, 16-0760, p. 10 (La. App. 4 Cir. 2/22/17), 214 So.3d 38, 44). The act of sale and the disclosure were not attached to Respondent's affidavit and are not proper summary judgment evidence.[1] We find that the district court erred in considering these documents.

The act of sale and the disclosure form are critical to Respondent's motion for summary judgment. The act of sale sets forth the rights and obligations of the parties with respect to the sale of the Home, and the disclosure form contains disclosures made by Respondent to Relators in conjunction with the sale. Having excluded this evidence, we find that Respondent failed to meet his burden to prove that no genuine issues of material fact remain. As such, summary judgment is not warranted. Accordingly, we grant the writ and reverse the September 27, 2022 judgment of the district court to the extent it granted summary judgment on all causes of action sounding in tort and in contract.

**WRIT GRANTED;**
**REVERSED IN PART**

---

[1] The memorandum in support of motion for summary judgment represents that "[n]o depositions were ever noticed or taken, and no interrogatory answers were formally given by either Seller or Buyers."