FREDERICKA HOMBERG WICKER, Judge.
IpThis case arises from a car accident which took place when a school bus struck a vehicle as it exited a parking lot. After the driver of the vehicle filed suit, the defendant school board filed a motion for summary judgment on the issue of prescription, which was granted. The plaintiff appealed the trial court’s granting of the motion for summary judgment. For the following reasons, we find that the trial court erred in entering summary judgment in favor of the defendants in this matter. Accordingly, we vacate the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
FACTUAL AND PROCEDURAL HISTORY
At 3:15 p.m. on May 8, 2006, a school bus driven by Diane Despaux and owned by Christy Parria was exiting a private parking lot in Jefferson Parish. According to an accident report filed by the Jefferson Parish Sheriffs Office, Despaux admitted to failing to look to her left as she exited the parking lot. No children were on-board the bus at the time of the accident. Despaux’s school bus struck a vehicle driven by Michelle Ohoa, in which Matthew Martinez was a passenger. On May 8, 2007, Plaintiff, Matthew Martinez (“Plaintiff’) filed suit in |3Jefferson Parish’s Second Parish Court against the Jefferson Parish School Board (“JPSB”), Parria, Despaux, and Princeton Excess and Surplus Lines Insurance Company[1] (“Princeton”).[2]
On August 17, 2007, Defendants filed an Exception of Improper Venue alleging that, pursuant to La. R.S. 13:5104, Jefferson Parish Second Parish Court was not the proper venue for the instant suit, as employees of political subdivisions must be sued in district court when the lawsuit is based on “conduct arising out of the discharge of his official duties or within in *275 the course and scope of his employment.” La. R.S. 13:5104. Plaintiff argued that the exception was improperly raised and requested that the case be transferred rather than dismissed. On September 10, 2007, Defendants filed an Exception of Lack of Jurisdiction alleging that the Second Parish Court lacked jurisdiction over the person of the defendant JPSB pursuant to Louisiana Code of Civil Procedure article 4847. On September 14, 2007, the Secord Parish Court conducted a hearing on defendants’ exceptions. On September 18, 2007, the Second Parish Court signed a judgment which ordered that, “the Defendant Jefferson Parish School Board’s Exception of Improper Venue be and is hereby GRANTED, and that the above-captioned matter therefore be transferred to the 24th Judicial District Court.” No supervisory review of this judgment was sought by any party in this case.
On October 29, 2010, Defendants filed a Peremptory Exception of Prescription in the 24th Judicial District Court. The trial court conducted a hearing on Defendants’ Exception on January 25, 2011. On February 2, 2011, the trial court granted Defendants’ Exception and dismissed Plaintiffs claims against the JPSB, Ms. Parria, Ms. Despaux, and Princeton. On February 9, 2011, Plaintiff filed a Motion for New Trial and/or Rehearing on their Exception of Prescription. |4On May 3, 2011, the trial court denied Plaintiffs Motion for New Trial with regard to JPSB, but granted Plaintiffs Motion for New Trial with regard to Defendants Ms. Parria, Ms. Des-paux, and Princeton. On May 24, 2011, after a rehearing on the issue of prescription, the trial court vacated its February 2, 2011 judgment with regard to Ms. Parria, Ms. Despaux, and Princeton but affirmed its February 2, 2011 judgment granting Defendants’ exception of prescription with regard to JPSB only. Defendants subsequently filed a writ application challenging the May 3, 2011 judgment with this Court. On August 29, 2011, this Court denied Defendants’ writ application.[3]
Again, on January 23, 2012, the trial court held a hearing on the issue of prescription. On March 2, 2012, the trial court denied Defendants’ Exception of Prescription as to Ms. Parria, Ms. Des-paux, and Princeton. On June 6, 2013, Defendants filed a Motion for Summary Judgment. Defendants’ Motion for Summary Judgment stated that the remaining defendants “were not dismissed pending a determination of whether Ms. Parria and Ms. Despaux were actually employed by the JPSB at the time of the accident giving rise to the Plaintiffs claims.” Defendants’ motion, therefore, sought to “unequivocally prove” that Ms. Parria and Ms. Despaux were employed by the Jefferson Parish School Board at the time of the accident and therefore should be dismissed from the lawsuit with prejudice. On June 26, 2013, Plaintiff filed a Motion to Strike and Motion for Sanctions. Plaintiffs motion was based on the fact that the affidavits and discovery responses attached to Defendants’ Motion for Summary Judgment were not signed by the affiants or parties who they were attributed to.
LOn January 13, 2014, the trial court granted Defendants’ Motion for Summary Judgment and denied Plaintiffs Motion to Strike and Motion for Sanctions. On January 16, 2014, the trial court issued written reasons for judgment. On January 23, 2014, Plaintiff filed a Motion for New Trial which was subsequently denied. On February 25, 2014, the trial court issued writ *276 ten reasons for its judgment denying Plaintiffs Motion for New Trial on Motion to Strike and for Sanctions and granting Defendants’ Motion for Summary Judgment. On February 25, 2014, Plaintiff filed a Notice of Intent and Motion for Devolutive Appeal. The instant appeal follows.
DISCUSSION
The issue before this Court is the efficacy of trial court’s judgment granting defendants Parria, Despaux and Princeton’s Motion for Summary Judgment. Parenthetically, the efficacy of the Second Parish Court’s judgment transferring the matter before us to the 24th Judicial District Court has not been raised and hence is not before us. For the following reasons, we find that the trial court erred in granting Defendants’ motion for summary judgment. Several key pieces of evidence including Plaintiffs petition and the Second Parish Court Judgment were never admitted into evidence for purposes of the motion for summary judgment as required by Louisiana Code of Civil Procedure article 966. Therefore, the trial court did not have a sufficient evidentiary basis to determine whether Plaintiffs claims are prescribed. Accordingly, we vacate the trial court’s judgment granting Defendants’ motion for summary judgment, and remand for further proceedings consistent with this opinion.
, In their brief, Defendants attempt to raise the issue of whether the Second Parish Court Judgment granting their exception of improper venue is subject to review in the instant appeal by listing “an additional issue ... necessary and | (-.applicable to this Court’s determination of this Appeal.” However, because the issue was not properly raised in an answer to Plaintiffs appeal, the issue is not before us. Louisiana Code of Civil Procedure article 2133 provides that “[a]n appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant.” However, if an appellee seeks review of the judgment being appealed, an answer to an appeal must be filed “not later than fifteen days after the return day or the lodging of the record.” La. C.C.P. art. 2133. Defendants did not file an answer, and the section of their brief dedicated to addressing the finality of the Second Parish Court Judgment was not filed within the applicable time limits prescribed for an answer by Louisiana Code of Civil Procedure article 2133. Therefore, the question of whether the Second Parish Court Judgment is subject to appellate review is not properly before this Court.
Plaintiffs various assignments of error are all subsumed in the question of whether the trial court’s granting of Defendants’ Motion for Summary Judgment was proper. For the following reasons, based on the evidence admitted by Defendants for purposes of the motion for summary judgment, we find that the trial court erred in granting summary judgment on the issue of prescription. Therefore, the trial court’s judgment granting Defendants’ Motion for Summary Judgment is vacated and remanded for further proceedings consistent with this opinion.
Appellate courts review summary judgments de novo under the same criteria that governs the trial court’s consideration of whether summary judgment is appropriate. Western v. Stoot, 05-186 (La.App. 5 Cir. 10/6/05); 916 So.2d 1195, 1196. Summary judgment is designed to secure the just, speedy, and inexpensive determination of an action. La. C.C.P. art. 966. Summary judgment shall be |7gr'anted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for *277 purposes of the motion for summary judgment, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Id. (emphasis added). Louisiana Code of Civil Procedure Article 966(F)(2) further provides that:
Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.
La. C.C.P. art. 966. (emphasis added)[4]
Louisiana Civil Code Article 966 places an affirmative burden on the moving party to admit any evidence it wishes to be considered with regards to their motion for summary judgment. In this case, defendants attached the following documents to the motion for summary judgment: (1) Ms. Parria’s Response to Request for Admissions, marked as Exhibit A; (2) Ms. Despaux’s Response to Request for Admissions marked as Exhibit B; (8) JPSB’s Answers to Interrogatories, marked as Exhibit C; and (4) the affidavit of Penny Ledet, an assistant in Employee Service for the JPSB, which states that both Ms. Parria and Ms. Despaux were employed by the JPSB at the time of the accident, marked as Exhibit D. Defendants also attached to their motion a “List of Essential Legal Elements in Support of Motion for Summary Judgment” and “List of Undisputed Material Facts In Support of Motion for Summary Judgment.” However, Defendants admitted no evidence as proof of the essential facts in support of their | sMotion for Summary Judgment. Neither Plaintiffs petition nor the Second Parish Court Judgment was admitted into evidence in order to prove that prescription had run on the claims in this case. Therefore, there is no basis upon which to determine whether PlaintifPs claims against Ms. Parria and Ms. Despaux are prescribed, irrespective of whether they were in the course and scope of their employment at the time of the accident.
Furthermore, the crux of Defendants’ argument in their Motion for Summary Judgment was that the Defendants, Ms. Parria and Ms. Despaux, were acting in the course and scope of their employment at the time of the accident and that the claim filed in Second Parish Court is therefore prescribed. However, while Defendants attached evidence of their employment with JPSB, they failed to admit evidence showing that they were in fact acting in the course of scope of their employment at the time of the accident.
In First Bank and Trust v. Proctor’s Cove II, LLC, 13-802 (La.App. 5 Cir. 9/24/14), 150 So.3d 418, this court considered the granting of a motion for summary judgment under the same version of La. C.C.P. art. 966 that applies in the instant case. In First Bank and Trust, this Court explained that, applying the current edification of La. C.C.P. art. 966, without adequate evidence formally introduced in connection with the plaintiffs motion for summary judgment, this Court could not affirm the trial court’s granting of the plaintiffs motion. Id. Similarly, in *278 this case, thé Court is faced with a dearth of evidence supporting Plaintiffs motion for summary judgment. Accordingly, this Court finds that Defendants have not borne their evidentiary burden and therefore the trial court’s granting of summary judgment was inappropriate.
Although plaintiff correctly points out that the trial court’s analysis in its written reasons for judgment was not legally correct, we decline to address the 19merits of the underlying issue of whether or not Ms. Despaux and Ms. Parria were acting within the course and scope of their employment at the time of the accident. It is well settled that a trial court’s judgment and its reasons for judgment are two separate and distinct legal documents and appeals are taken from the judgment, not the written reasons for judgment. La. C.C.P. art. 1918; Ziegel v. South Central Bell, 93-547 (La.App, 5 Cir. 3/16/94), 635 So.2d 314. Therefore, we decline to address any. errors contained in the trial court’s reasons for judgment.
CONCLUSION
For the foregoing reasons, we find that the trial court erred in granting Defendants’ Motion for Summary Judgment. Therefore, we vacate the trial court’s January 13, 2013, Judgment and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED

. Princeton was named as JPSB's insurer.

. Also named as defendant was Michelle Ohoa, the driver of the vehicle in which plaintiff was a passenger.

. See Matthew Martinez v. Jefferson Parish School Board, Christy Parria, Diane Despaux, and Princeton Excess and Surplus Lines Insurance Company, ll-C-689 (La.App. 5 Cir. 8/29/2011) (unpublished writ disposition).

. Louisiana courts have struggled to consistently interpret the effects of the many recent amendments to La. C.C.P. art. 966. In Woodlands Development, L.L.C. v. Regions Bank, this Court found that the version of 966 which was in force at the time of the hearing on a motion for summary judgment is the version that should be applied. Woodlands Dev., L.L.C. v. Regions Bank, 13-226 (La.App. 5 Cir. 10/29/14) 164 So.3d 226.