WICKER, J.
*1270 This appeal arises in a personal injury case from the trial court's judgment granting defendant's, the owner of the premises, Motion for Summary Judgment and dismissing plaintiff's claims with prejudice. Plaintiff argues summary judgment was improper as a genuine issue of material fact exists regarding whether his injuries were caused by vice, ruin or defect of a building. For the following reasons, we affirm.
Factual and Procedural History
On June 13, 2014, Richard J. Boutall filed a petition for damages against Christakis, P.M., Co. LLC D/B/A Minerva Café, alleging that, after finishing lunch with his mother at Minerva Café on June 29, 2013, while using his right shoulder to open the door, his left foot suddenly gave out causing him to fall to the floor. In his petition, Mr. Boutall alleged that his left foot slid or stumbled across a concrete ramp or rise in elevation of approximately two to three inches which was present on the threshold, causing his fall. Mr. Boutall alleged that his fall caused him to suffer serious and significant injuries. According to Mr. Boutall, the incident caused him to break his femur and incur approximately $30,000 in medical bills during a three-week hospital stay at East Jefferson General Hospital, during which he endured multiple operations, including a hip replacement and a procedure to insert a surgical rod in his leg. Mr. Boutall further alleged that, after the hip replacement, his mobility was hindered, allegedly causing him to sustain another fall during which he broke his left toe and right fibula. Mr. Boutall claimed Christakis, P.M. is liable for his injuries under a theory of premises liability pursuant to La. C.C. art. 2322 which pertains to negligent maintenance of a building.
On August 18, 2016, defendant filed a Motion for Summary Judgment, alleging that there are no genuine issues of material fact as 5050 West Esplanade, the building in which Minerva Café is located, is free from structural defects and does not present an unreasonable risk of harm to its patrons and, further that, even if the ramp presented a defect in the premises, there is no evidence that defendant had actual or constructive knowledge of any such defect. To support its motion, defendant attached the affidavit of Fred V. Vanderbrook, a mechanical engineer, who rendered his expert opinion regarding the safety conditions at the entrance to Minerva Café on the date of Mr. Boutall's accident, specifically whether there existed unreasonably dangerous conditions which caused or contributed to Mr. Boutall's accident. Mr. Vanderbrook first opined that the 2.5 inch step down between the restaurant entrance and the exterior sidewalk was within the safety requirements in force at the time the strip mall was constructed, attesting that the safety requirements in force at that time would have permitted a step down of up to eight inches. Mr. Vanderbrook further opined that the ramp located at the restaurant entrance was likely constructed in an attempt to make the restaurant entrance more handicapped accessible and to ease the transition between the step up at the restaurant door and the sidewalk, finding that the red paint on the ramp and entry area drew attention to the offset and made *1271 the ramp location conspicuous. Finally, Mr. Vanderbrook opined that the ramp did not provide any unreasonably hazardous conditions to persons entering the restaurant. In his opinion, the ramp was well-maintained and painted with a contrasting color which drew attention to its presence, and it presented no unreasonable risk of harm to others.
Defendant also attached to its motion the affidavit of Petros Christakis. In his affidavit, Mr. Christakis stated that he is a member of M. Christakis Co., LLC, the owner of the property at 5050 W. Esplanade Avenue in which Minerva Café is located, and that the small ramp leading from the sidewalk to the restaurant doorway was in place when Christakis Co. purchased the property in 1998. Mr. Christakis further stated that he had never received any complaint or notice of any problem with the entrance way to Minerva's Café before the day plaintiff fell. Moreover, defendant stated that he had never before that date received any complaint or notice of a fall or accident at that entranceway.
In his original September 22, 2016 Opposition to Defendant's Summary Judgment Motion, plaintiff attached the affidavit of William J. Moran, a registered professional engineer, which included a series of eleven photographs of the restaurant's entrance. Mr. Moran affirmed that while he had not inspected the restaurant entrance itself, he had studied the eleven photographs. Mr. Moran opined that the photographs "show the portal to the restaurant are colored entirely in red, which demonstrate a safety hazard for patrons entering and leaving." In his Supplemental Affidavit to Opposition to Summary Judgment filed on October 4, 2016, plaintiff attached Mr. Moran's second affidavit in which Mr. Moran stated that he had inspected the restaurant's entrance. In his second affidavit, Mr. Moran focused primarily upon the Americans with Disabilities Act ("ADA"), opining that the ramp from the entrance to the sidewalk was not original to the building, thus requiring any alterations to the entrance and sidewalk to comply with the ADA Standards for Accessible Design. Mr. Moran found the ramp to have a 16% slope-exceeding the maximum 8.33% slope allowed by the ADA Standards for Accessible Design. Further, he found there was no space limitation to justify the increased slope; rather, he found the slope "created an unreasonable hazard and/or risk of harm which caused or contributed to the accident/injury." Mr. Moran also reiterated his opinion that the red paint applied to the ramp did not contrast with the adjoining surfaces, because those surfaces were also painted red, obscuring the visibility of the ramp and rendering it an unreasonably hazardous condition.
In his October 5, 2016 Objection and Reply Memorandum, defendant argued that the ADA has no bearing on this matter. Defendant first argued that plaintiff did not allege an ADA violation in his petition, and further, that the ADA is inapplicable to establish proof of a defect of a building. Defendant argued that plaintiff's claim was one regarding structural defects in the premises, and the ADA applies to claims of discrimination due to a disability, not to claims arising from structural defects. On October 14, 2016, defendant filed a motion in limine to exclude plaintiff's expert testimony as irrelevant under La. C.E. art. 702. Thereafter, on October 20, 2016, plaintiff filed a motion to strike defendant's motion in limine as untimely in the face of a November 2, 2016 trial date.
On November 2, 2016, the trial court heard defendant's summary judgment motion. Following oral arguments, during which the defense in support of its motion *1272 concentrated on its assertion that plaintiff had presented no evidence that defendant had actual or constructive knowledge of the alleged ramp defect, an essential element to a claim under La. C.C. art. 2322, and plaintiff responded that the uniform red painted color of both the ramp and Minerva Café's entrance, which violated ADA Standards, created an unreasonably dangerous condition, causing plaintiff's injury, the court granted defendant's motion for summary judgment. On November 14, 2016, the trial court issued its judgment granting defendant's motion for summary judgment and dismissing plaintiff's case. On that same date, the court declared defendant's motion in limine moot.
Plaintiff filed a motion for new trial on November 22, 2016, which the trial court denied. This timely appeal follows.
Discussion
On appeal, plaintiff has assigned two errors, complaining first that the trial court erred in granting defendant's Motion for Summary Judgment, arguing that a genuine issue of material fact exists as to whether on the date of the accident a defect existed at Minerva Café's entrance and entryway ramp creating an unreasonable risk of harm. Plaintiff secondarily assigned as error the trial court's denial of his Motion for New Trial from the same summary judgment, based upon the same alleged genuine issue of material fact created by the two competing experts' reports.
Preliminarily, as to plaintiff's complaint regarding the denial of his motion for new trial, plaintiff has failed to brief this assignment of error on appeal. All assignments of error must be briefed and the appellate court may consider as abandoned any assigned error that has not been briefed. Accordingly, we find plaintiff has abandoned this assignment of error, and therefore decline to consider the merits of this assignment. La. U.R.C.A. 2-12.4; Johnson v. Spurlock, 07-949 (La. App. 5 Cir. 5/27/08), 986 So.2d 724, 729, writ denied , 08-1400 (La. 7/25/08), 986 So.2d 670 (citing Silbernagel v. Silbernagel , 06-879 (La. App. 5 Cir. 4/11/07), 958 So.2d 13, 20 ).
Turning to plaintiff's complaint regarding the trial court's judgment granting defendant's Motion for Summary Judgment, the law is well-settled that appellate courts review summary judgment de novo , viewing the record and making all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Newton v. Brenan , 14-423 (La. App. 5 Cir. 12/16/14), 166 So.3d 285, 288 ; Martinez v. Jefferson Parish Sch. , 14-340 (La. App. 5 Cir. 12/16/14), 166 So.3d 273, 276. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue as to a material fact and whether the mover is entitled to judgment as a matter of law. Moreno v. Entergy Corp., 17-182 (La. App. 5 Cir. 11/15/17), 2017 WL 5474243, at *4, 2017 La. App. LEXIS 2077, at *5-6 (citing Boutin v. Roman Catholic Church of theDiocese of Baton Rouge , 14-313 (La. App. 5 Cir. 10/29/14), 164 So.3d 243, 246, writ denied , 14-2495 (La. 2/13/15), 159 So.3d 469 ). Summary judgment is a procedural device to secure the just, speedy, and inexpensive resolution of an action. Martinez , 166 So.3d at 276. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, if any, admitted for the purposes of the summary judgment motion reveal that there are no genuine issues of material fact. La. C.C.P. art. 966. The party moving for summary judgment has the burden of establishing the absence of a genuine material fact. Id. Boutin , 164 So.3d at 246-47. If the moving party will not bear the burden of proof at trial, the moving party must only point to *1273 an absence of factual support for one or more elements of the adverse party's claim, action or defense. Boutin , 164 So.3d at 246. The non-moving party, then, must produce evidence to show he will be able to meet his burden of proof at trial. Id. If the non-moving party cannot show he will be able to meet his evidentiary burden, there is no issue of material fact, and the moving party is entitled to judgment as a matter of law. Id. (citing La. C.C.P. art. 966(C)(2) ); Babino v. Jefferson Transit , 12-468 (La. App. 5 Cir. 2/21/13), 110 So.3d 1123, 1125.
A fact is material for purposes of summary judgment if its existence or non-existence is essential to the plaintiff's cause of action or theory of recovery. Brown v. Manhattan Life Ins. Co. , 01-0147 (La. 6/29/01), 791 So.2d 74, 78. Additionally, a fact is material if it "is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of a lawsuit. An issue is genuine if it is such that reasonable persons could disagree. ..." Boutin , 164 So.3d at 245 (citing Smith v. Our Lady of the Lake Hosp., Inc. , 93-2512 (La. 7/5/94), 639 So.2d 730, 751 ; Anny v. Babin , 12-164 (La. App. 5 Cir. 7/31/12), 99 So.3d 702, 705, writ denied , 12-1972 (La. 12/14/12), 104 So.3d 441 ).
Here, plaintiff claims his injuries were caused by a defect in the building due to the unreasonably dangerous condition of the entrance and entry ramp at Minerva Café in violation of La. C.C. art. 2322. Article 2322, which defines the basis for delictual liability for buildings, provides that:
[t]he owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
This article was amended by the Louisiana Legislature in 1996, to change the owner's liability for damages resulting from the vice or defect of a building from strict liability to a theory based on personal fault. Celestine v. Union Oil Co. of California , 94-1868 (La. 4/10/95), 652 So.2d 1299 ; Millien v. Jackson , 09-56 (La. App. 5 Cir. 12/29/09), 30 So.3d 167, 173.
Under La. C.C. art. 2322, a plaintiff must prove the following elements to hold the owner of the building liable for injuries caused by the building's vice, ruin or defect: "(1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and (5) causation." Broussard v. State, through Office of State Bldgs., Div. of Admin. , 12-1238 (La. 4/05/13), 113 So.3d 175, 182-83 ; Tramuta v. Lakeside Plaza, L.L.C. , 14-410 (La. App. 5 Cir. 2/25/15), 168 So.3d 775, 779 ; Breaux v. Fresh Start Props. L.L.C. , 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852. Our jurisprudence requires that the ruinous building or its defective component part create an unreasonable risk of harm. Broussard , 113 So.3d at 175 (citing Entrevia v. Hood , 427 So.2d 1146, 1148-49 (La. 1983) ; Olsen v. Shell Oil Co. , 365 So.2d 1285, 1292 (La. 1978) ). If the plaintiff fails to prove any of these elements, the plaintiff's claim must fail. Millien , 30 So.3d at 174 (citing *1274 Dauzat v. Thompson Constr. Co., Inc. 02-989 (La. App. 5 Cir. 1/28/03), 839 So.2d 319 ).
The owner of a building is not responsible for each and every injury resulting from a risk posed by a defect in the building. Rather, the owner is responsible for injuries caused by a building's vice or defect that presents an unreasonable risk of harm. Broussard , 113 So.3d at 183 (citing Entrevia , 427 So.2d at 1149 ); Tramuta , 168 So.3d at 780 ; Boye v. Daiquiris & Creams No. 3 , Inc. 11-118 (La. App. 5 Cir. 11/15/11), 80 So.3d 505, 508, writ denied , 11-2778 (La. 2/17/12), 82 So.3d 290. The Louisiana Supreme Court has described the unreasonable risk of harm inquiry as a "disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or the trier of facts," and as "a matter wed to the facts." Broussard, 113 So.3d at 183. To assist the finder of fact to determine whether a building's vice or defect creates an unreasonable risk of harm, the Supreme Court has adopted a risk-utility balancing test that weighs four factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature." Id. at 184 (citing Dauzat v. Curnest Guillot Logging, Inc. , 08-0528 (La. 12/2/08), 995 So.2d 1184, 1186-87 (per curiam); Hutchinson v. Knights of Columbus, Council No. 5747 , 03-1533 (La. 2/20/04), 866 So.2d 228, 235 ; Pitre v. Louisiana Tech Univ. , 95-1466 (La. 5/10/96), 673 So.2d 585, 591-93, cert denied , 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996) ); see also Breaux , 78 So.3d at 852-53 (citing similar factors to determine unreasonable risk of harm including: (1) the claims and interests of the parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the burden of adequate precautions; (5) individual and societal rights and obligations; and (6) the social utility involved.)
In this case, we need not address whether the entrance or entry ramp at Minerva Cafe was unreasonably dangerous as plaintiff presented no evidence that defendant knew or, in the exercise of reasonable care, should have known of the ruin or defect, or put another way, had actual or constructive knowledge of the alleged vice or defect.
A plaintiff alleging damages under La. C.C. art. 2322 must show the owner knew, or in the exercise of reasonable care, should have known of the ruin or defect. Constructive knowledge imposes a reasonable duty on the owner of the building to discover apparent defects under the owner's garde. Boutin , 164 So.3d at 246 (citing Dufrene v. Gautreau Family LLC , 07-467 (La. App. 5 Cir. 2/22/08), 980 So.2d 68, 80, writ denied , 08-0629 (La. 5/9/08), 980 So.2d 694 ); Meaux v. Wendy's Intern., Inc. , 51 So.3d 778, 788 (La.App. 5 Cir. 2010) ; see also Daniel v. Clarion Inn & Suites , 16-0760 (La. App. 4 Cir. 2/22/17), 214 So.3d 38, 41 (citing Tsegaye v. City of New Orleans , 15-0676 (La. App. 4 Cir. 12/18/15), 183 So.3d 705,718writ denied , 16-0119 (La. 3/4/16), 188 So.3d 1064 ). Constructive knowledge of a vice, ruin or defect may exist if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. Boutin , 164 So.3d at 246-47 (citing Casborn v. Jefferson Hosp. Dist. No. 1 , 11-1020 (La. App. 5 Cir. 5/22/12), 96 So.3d 540, 543 ); Meaux , 51 So.3d at 788 (citing Charan v. Bowman , 06-0882 (La. App. 1 Cir. 8/1/07), 965 So.2d 466, writ denied , 07-1773 (La. 11/9/07), 967 So.2d 505 ); see also Daniel , 214 So.3d at 41.
*1275 After review of the record, we find that while plaintiff, through its expert's affidavit attached to its opposition to defendant's motion for summary judgment, arguably exposed an issue of material fact as to whether a defect in the building housing Minerva Café's existed at the restaurant's entrance and entry ramp, plaintiff presented no evidence that the premises owner knew or, in the exercise of reasonable care, should have known of the ruin or defect. As discussed above, an essential element to any La. C.C. art. 2322 claim is "the owner knew or, in the exercise of reasonable care, should have known of the ruin or neglect." Plaintiff presented neither lay nor expert evidence of the owner's actual knowledge, through evidence of prior accidents or otherwise, or evidence that the alleged defect was apparent so as to put the premises owner on notice. The premises owner in his affidavit in support of his motion for summary judgment affirmed that he had neither actual nor constructive knowledge of the defect and that there had been no other accidents at the restaurant entrance before plaintiff's accident. Defendant's expert, Mr. Vanderbrook, opined that neither the restaurant entrance nor the ramp presented an unreasonable risk. He further noted that the ramp was painted red to put visitors on notice of its existence, thereby negating any question whether the alleged defect or ruin was so apparent as to place the premise owner on constructive notice. Plaintiff in response presented neither lay nor expert evidence to dispute the premise owner's lack of knowledge. Plaintiff in response submitted only his expert's original and supplementing affidavits. Plaintiff's expert in those affidavits did not address the premise owner's actual or constructive knowledge of the alleged defect. Therefore, plaintiff failed in opposing defendant's motion for summary judgment to expose an issue of material fact as to the premise owner's actual or constructive knowledge of the alleged defect or ruin. Therefore, for the reasons fully discussed herein, we affirm the judgment of the trial court granting defendant's motion for summary judgment and dismissing plaintiff's case with prejudice.
AFFIRMED