FELICIA DESKA JOHNSON

VERSUS

FEDERATED MUTUAL INSURANCE
COMPANY AND PREMIER NISSAN,
LLC

NO. 21-C-242

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 793-905, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

June 23, 2021

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT GRANTED, JUDGMENT REVERSED,**
**SUMMARY JUDGMENT GRANTED,**
**CLAIMS DISMISSED WITH PREJUDICE**
 **SMC**
 **FHW**
 **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Kiara Ray
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
FELICIA DESKA JOHNSON
Leo Caillier, III
COUNSEL FOR DEFENDANT/RELATOR,
FEDERATED MUTUAL INSURANCE COMPANY AND PREMIER NISSAN,
LLC
Chad A. Sullivan
John N. Grinton

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Kiara Ray
Assistant Deputy, Clerk of Court

**CHEHARDY, C.J.**

In this personal injury case, the trial court denied the motion for summary judgment filed by defendants-relators, Premier Nissan, LLC, and Federated Mutual Insurance Company, seeking to dismiss plaintiff-respondent's claims against them. For the reasons that follow, we reverse the trial court's ruling, grant summary judgment in favor of Premier Nissan and Federated Mutual, and dismiss with prejudice Ms. Felicia Johnson's claims against them.

### FACTS AND PROCEDURAL HISTORY

Ms. Johnson went to Premier Nissan on Veterans Boulevard in Jefferson Parish with her son in July 2018 to trade in a vehicle. When she was leaving the finance office, she alleges that the lip of her sandal caught on the aluminum threshold attached to the floor, causing her to trip and fall. Ms. Johnson filed suit against Premier and its insurer claiming that the unevenness of the threshold was an unreasonably dangerous condition that presented an unreasonable risk of harm.

The day after the incident, Premier hired a repairman who inspected the threshold and indicated that he did not find anything wrong with the threshold, so there was nothing to "repair." Premier's general manager testified that the threshold is still there, and although they may have tried "to tighten [the threshold,] there was no tightening, it wasn't loose. In other words, it was fixed as it was."[1]

Premier and its insurer, Federal Mutual Insurance Company, filed a motion for summary judgment arguing that Ms. Johnson will not be able to meet her burden of proving Premier's liability at trial, because she cannot show that the

---

[1] A Premier salesperson on site at the time of the incident, Margie Britton, responded to a question about whether the threshold was still there by saying: "It was fixed." She explained that the day after the incident with Ms. Johnson, she [Ms. Britton] "went over there to see about my deal, and they were working on the door." Although Ms. Britton's testimony, when considered in conjunction with the repairman's testimony, appears to create an issue of fact, it is not a genuine issue of material fact sufficient to defeat summary judgment under La. C.C.P. art. 966 D(1). More succinctly, repairs that may or may not have occurred *after* the incident have no bearing on Premier's actual or constructive knowledge of an alleged defect *before* the incident.

condition presented an unreasonable risk of harm or that Premier had actual or constructive notice of the alleged defect under the Merchant Liability Statute, La. R.S. 9:2800.6, and similarly cannot prove delictual liability pursuant to La. Civ. Code art. 2317.1. The evidence that defendants offered in support of their motion established that Ms. Johnson entered the finance office without tripping on the threshold; her son entered and exited the office without falling; thousands of other customers entered and exited the office without incident; and there is no other evidence that any customer ever tripped on the threshold – or any similar threshold – at the Premier dealership.

The trial court held a hearing on defendants' motion on April 20, 2021, and signed a judgment denying the motion to following day.[2] This writ application followed.[3]

## DISCUSSION

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id*. The burden is on the adverse party to produce factual

---

[2] Neither party provided a transcript of the April 20, 2021 hearing to this Court.
[3] By Order dated May 26, 2021, this Court assigned the matter for argument and/or submission on the Court's docket in accordance with La. C.C.P. art. 966 (H). The parties were allowed 10 days from the date of the Order to request oral argument in writing and were given a briefing schedule for any additional briefing the parties desired to submit. In response to the Order, defendants-relators filed a brief; plaintiff-respondent, Ms. Johnson, did not. Neither party requested oral argument.

support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

We review the denial of a motion for summary judgment *de novo. Robinson v. Otis Condominium Ass'n, Inc.*, 20-359 (La. App. 5 Cir. 2/3/21), 315 So.3d 356, 361, 21-343 (La. 4/27/21), 314 So.3d 837. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.*

A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. *Alexander v. Parish of St. John the Baptist*, 12-173 (La. App. 5 Cir. 10/16/12), 102 So.3d 904, 909, *writ denied*, 12-2448 (La. 1/11/13), 107 So.3d 617. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. *Id.*

The party moving for summary judgment must meet a strict standard of showing that the facts are clear and that any real doubt as to the existence of a genuine issue of material fact has been excluded. *Robinson*, 315 So.3d at 361. If the mover meets this burden, the burden shifts to the non-mover to present evidence demonstrating that material issues of fact remain. *Id.* "Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party [who has the burden of proof at trial] to produce evidence of a material factual dispute mandates the granting of the motion." *Portillo v. Progressive Paloverde Ins. Co.*, 13-815 (La. App. 5 Cir. 3/26/14), 138 So.3d 696, 698.

The Merchant Liability Statute, La. R.S. 9:2800.6, imposes a heavy burden of proof on a plaintiff for claims arising from a fall on a merchant's premises.[4] *See Frank v. Boomtown L.L.C.*, 12-382 (La. App. 5 Cir. 12/11/12), 106 So.3d 227, 232. A plaintiff may recover from a merchant only upon proving: (1) the condition presented an unreasonable risk of harm and the risk of harm was reasonably foreseeable; (2) the merchant either created the condition or had actual or constructive knowledge of the condition prior to the incident; and (3) the merchant failed to exercise reasonable care. La. R.S. 9:2800.6 (B).

Additionally, under La. Civ. Code art. 2317.1 addressing general tort liability, "[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."

Defendants assert three assignments of error with regard to the trial court's denial of the motion for summary judgment: first, the trial court erred in denying summary judgment because the evidence establishes that Premier had no prior notice of the alleged condition of which plaintiff complains; second, the trial court committed legal error in refusing to grant summary judgment where the evidence

---

[4] La. R.S. 9:2800.6 provides, in pertinent part:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

confirmed that the threshold did not present an unreasonably dangerous condition; and third, the trial court should have granted summary judgment because a premises owner owes no duty to protect a patron from an open and obvious alleged hazard.

In support of their first assignment of error addressing actual or constructive notice under La. R.S. 9:2800.6 (B)(2) or La. Civ. Code art. 2317.1, defendants offered the deposition testimony of both its general manager and its finance manager to show that thousands of customers previously traversed the threshold without incident. The finance manager explained that he has occupied the same office since March of 2010 and sees between 80 and 100 customers a month. Other than Ms. Johnson's incident, he could not recall seeing or hearing about somebody falling or tripping over the threshold of his office door. Premier's general manager agreed that in the three years leading up to the incident with Ms. Johnson, he was not aware of any slip-and-fall or trip-and-fall accidents occurring at Premier, other than a couple of customers who slipped on ice outside during an ice storm at a different Premier location.

Both La. R.S. 9:2800.6 and La. Civ. Code art. 2317.1 require a plaintiff to show that a defendant had actual or constructive notice of an allegedly dangerous condition to succeed in proving that defendant's liability.[5] "One is presumed to have constructive notice of a defect or dangerous condition when it is shown to have existed for such a long period of time that knowledge thereof can be presumed, or that it can be said that one should have had knowledge of the condition." *Dufrene v. Gautreau Family, LLC*, 07-467 (La. App. 5 Cir. 2/22/08), 980 So.2d 68, 80, *writs denied*, 08-629, 08-628 (La. 5/9/08), 980 So.2d 694 and

---

[5] La. R.S. 9:2800.6 (C)(1) provides: "'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."

698. "The hazardous condition must have existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury." *Robinson*, 315 So.3d at 361-62.

Plaintiff presented no evidence to contradict Premier's evidence or otherwise show that Premier knew or, in the exercise of reasonable care, should have known of the alleged defect. In opposing defendants' motion in the trial court, she made only conclusory statements and unsupported allegations. "'[M]ere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6.'" *Frank*, 106 So.3d at 232 (quoting *Allen v. Wal-Mart*, 37,352 (La. App. 2 Cir. 6/25/03), 850 So.2d 895, 898).

In *Boutall v. Christakis, P.M. Co. LLC*, 17-402 (La. App. 5 Cir. 12/27/17), 236 So.3d 1268, the plaintiff sued a building owner after allegedly tripping over a threshold on a concrete ramp. The defendant filed a motion for summary judgment with an affidavit establishing that he had no actual or constructive knowledge of the alleged defect, and that there had been no other similar accidents before the plaintiff's accident. In response, the plaintiff "presented neither lay nor expert evidence of the owner's actual knowledge, through evidence of prior accidents or otherwise, or evidence that the alleged defect was apparent so as to put the premises owner on notice." 236 So.3d at 1275. Because the plaintiff failed to refute defendant's evidence, this Court affirmed the trial court's dismissal of the plaintiff's claims on summary judgment. *Id*.

Ms. Johnson's failure to produce any evidence that Premier had actual or constructive notice of the alleged defect before the incident occurred is fatal to her claim, as the "notice" element is necessary to succeed in proving liability either under La. Civ. Code art. 2317.1 or the Merchant Liability Statute, La. R.S. 9:2800.6. Defendants' evidence, combined with plaintiff's failure to produce *any*

evidence that creates a genuine issue of material fact, indicate that Ms. Johnson will not be able to meet her burden of proof at trial. As such, the trial court erred in denying defendants' motion for summary judgment.

Because we have determined that Ms. Johnson failed to meet her burden of proving the requisite notice element of her claim under either the Merchant Liability Statute or La. Civ. Code art. 2317.1, we need not address plaintiff's additional allegations that the threshold presented an unreasonable risk of harm, and we pretermit a discussion of defendants' second and third assignments of error. *See Boutall*, 236 So.3d at 1274.

## DECREE

Without any material evidence to refute Premier's evidence establishing that it had no actual or constructive knowledge of the alleged defect, plaintiff has failed to show that she will be able to meet her burden of proof at trial. We therefore grant Premier Nissan, LLC and Federal Mutual Insurance Company's writ application, reverse the trial court's ruling, grant summary judgment in defendants' favor, and dismiss with prejudice Ms. Felicia Johnson's claims against them.

**WRIT GRANTED, JUDGMENT REVERSED, SUMMARY JUDGMENT GRANTED, CLAIMS DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 23, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-242**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
LEO CAILLIER, III (RESPONDENT)          CHAD A. SULLIVAN (RELATOR)          JOHN N. GRINTON (RELATOR)

**MAILED**